Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CRYSTAL BALLY-CHOONOO, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>LAW OFFICES OF HAYT, HAYT & LANDAU, LLC; MARTIN RUBIN and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Crystal Bally-Choonoo, by way of Class Action Complaint against Defendant, Law Offices of Hayt, Hayt & Landau, LLC; Martin Rubin and John Does 1 to 10 says:

## I.   NATURE OF THE ACTION

1. Plaintiff brings this action for damages against Defendants arising from Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA by inflating the amount of the debt, and collecting or attempting to collect an impermissible $35.00 fee from Plaintiff and numerous other New Jersey consumers.[1]

---

[1] *Tesora v. Lyons, Doughty, Veldhuis, P.C.*, No. 16-9265 (NLH/JS), 2017 U.S. Dist. LEXIS

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district.

## III.   PARTIES

5. Plaintiff, Crystal Bally-Choonoo ("Plaintiff" or "Bally-Choonoo"), is a natural person residing in Bergen County, New Jersey.

6. Defendant, Law Offices of Hayt, Hayt & Landau, LLC ("HHL"), is collection law firm with its principal place of business at Two Industrial Way West, Eatontown, New Jersey 07724.

7. Defendant, Martin Rubin ("Rubin"), is an attorney-at-law of the State of New Jersey engaged in the practice of law as a principal attorney and managing member of HHL.

8. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants

---

118394, at *5-6 (D.N.J. July 27, 2017) ("The problem with Defendant's argument is that a statement can be literally true and still be misleading, and therefore unfair or unconscionable. 'A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.' *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) (internal citation and quotation omitted). One reasonable reading of the letter, from the viewpoint of the least sophisticated debtor, *Brown*, 464 F.3d at 455, is that $821.82 plus $35.00 is the amount that must be paid to satisfy the judgment, which undisputedly is inaccurate.").

personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

9. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV.   FACTS

**A. Background**

10. Defendants are not in the business of extending credit, selling goods or services to consumers.

11. Defendants regularly collect or attempt to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

12. Defendants are in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

13. Defendants use the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

14. HHL is a collection law firm.

15. Rubin is licensed to practice law in the State of New Jersey and, in that regard, is a principal owner, officer, director, shareholder, and/or managing member of HHL.

16. Rubin personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of HHL complained of herein.

17. Rubin, on behalf of HHL, drafted and/or approved the form and the language of the documents described herein.

18. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation arising from a Capital One Bank (USA), N.A. account ("Debt" or "Account").

19. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

20. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

21. Defendants contend that the Account is past-due and in default.

22. At some point after Plaintiff's alleged default, the original creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendants for collection.

23. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

24. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

**B. Unlawful $35 Fee**

25. In an attempt to collect the Debt, Defendants mailed a collection letter to Plaintiff on August 1, 2016 (the "HHL Letter"). A true copy of the HHL Letter, but with redactions, is attached as ***Exhibit A***.

26. On information and belief, the HHL Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendant and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

27. In the HHL Letter, Defendants made two "**OFFERS TO SATISFY JUDGMENT**."

28. In the "two options [] to satisfy the judgment[,] and in additional to the settlement amounts, Defendants demanded a "$35.00 fee charged by the Court to satisfy the judgment[.]"

29. Furthermore, Defendants represented that the "Judgment balance due: $729.17, plus a $35.00 fee charged by the Court to satisfy the judgment."

30. New Jersey Court Rule 4:48-1 states that "[u]pon satisfaction of a judgment . . . a warrant **shall be executed and delivered to the party making satisfaction** . . . ." (Emphasis added).

31. The addition of the $35.00 collection fee was an anticipated court fee to file a Warrant to Satisfy Judgment.

32. The addition of the $35.00 collection fee not authorized by agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff.

33. The inclusion of the $35.00 collection fee was intended to falsely convey that Defendants are legally and/or contractually permitted to charge the $35.00 collection fee when in fact such a fee/cost is neither authorized by contract nor permitted by law.

34. The inclusion of the $35.00 collection fee is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that the balance was already assessed a $35.00 fee charge by the Court and therefore increased, when in fact such a fee/cost is neither authorized by contract nor permitted by law.

35. Defendants include the $35.00 collection fee to inflate the balance of the Account.

36. The representations on the letters are materially false, deceptive, and misleading in that, *inter alia*, it falsely states that Defendants are legally and/or contractually allowed to charge and collect the $35.00 collection fee at the time the HHL Letter was sent.

37. Defendants intended that the materially false statements contained on its letters would cause Plaintiff and other similarly situated consumers confusion about the exact amount of money they allegedly owed.

38. The additional $35.00 collection fee constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt.

39. The additional $35.00 collection fee constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by law.

40. Defendants' characterization of the additional $35.00 collection fee is false, deceptive, and misleading in that Plaintiff understood it to mean, as would the least sophisticated consumer, that Defendants are legally entitled to charge or collect the fee at the time the letter was sent when, in fact, it is not legally or contractually entitled to do so.

V. **POLICIES AND PRACTICES COMPLAINED OF**

41. It is Defendants' policy and practice to send written collection communications, in the form exemplified by Exhibit A, which violates the FDCPA by:

   a. Making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; and

   b. Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law.

42. Defendants used the policies and procedures described above to Plaintiff and numerous other New Jersey consumers.

## VI.   CLASS ACTION ALLEGATIONS

43.   Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44.   Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> **Class**: All natural persons with an address within in the State of New Jersey to whom, from July 31, 2016 through the final resolution of this case, Defendants sent one or more letter(s) in an attempt to collect a debt, which contained a "35.00 fee."

45.   Plaintiff seeks to recover damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

46.   The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

47.   There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

   a.   Whether Defendants are debt collectors under the FDCPA;

   b.   Whether Defendants' collection and attempted collection of a $35.00 fee violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1); and

   c.   Whether Plaintiff and the Class are entitled to statutory damages and actual damages.

48.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action

will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

49. Plaintiff's claims are typical of the claims of the members of the Class.

50. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

51. Plaintiff does not have interests antagonistic to those of the Class.

52. The Class, of which Plaintiff is a member, is readily identifiable.

53. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation.  Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

54. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

55. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VII. FIRST COUNT: VIOLATIONS OF THE FDCPA

56. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

57. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

58. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

59. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

60. The HHL Letter, copy of which appear as Exhibit A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

61. The letters, which are the same or similar in form to Exhibit A, sent by Defendants to other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

62. The HHL Letter and the letters that are the same and similar in form to the HHL Letter were sent by Defendants to Plaintiff and those similarly situated in an attempt to collect the debts.

63. Defendants' use of the written communications in the form attached as Exhibit A sent to Plaintiff and those similarly situated, violated the FDCPA in one or more of the following ways:

    a. Defendants made false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

    b. Defendants made false representations of the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A);

  c. Defendants made false representations that services rendered or compensation may be lawfully received, in violation of 15 U.S.C. § 1692e(2)(B);

  d. Defendants threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

  e. Defendants used false representations or deceptive means to collect or attempt to collection a debt, in violation of 15 U.S.C. § 1692e(10).

  f. Defendants used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

  g. Defendants attempted to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1); and

  h. Defendants failed to properly disclose the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

64. The violations of the FDCPA described herein constitute *per se* violations.

65. Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

### VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Crystal Bally-Choonoo, on behalf of herself and others similarly situated, demands judgment against Defendant, Law Offices of Hayt, Hayt & Landau, LLC, and Martin Rubin as follows:

 A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

 B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of the Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1);

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## IX. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff and the proposed class*

Dated: July 31, 2017